Opinion by
Willson, J.
§ 416. Excessive verdict; case stated. Taylor recovered a judgment in justice’s court against appellant for $200 damages, the alleged value of a jack of his, which had been killed by appellant’s train. Appellant appealed to the county court, where, upon a trial de novo, verdict and judgment were rendered against it for $125, and the costs incurred in the county court were also adjudged against it. It is assigned as error that the verdict and judgment are grossly excessive, and contrary to the evidence as to the value of the animal. Taylor testified for himself that he valued the jack at $200; that he had rendered him for taxes at that valuation; that he bought him for $12.50. It was proved that the jack was a small one, commonly known as a “prairie jack;” that the person from whom Taylor purchased him bought him for $Y. 50, and that a previous owner of said animal had bought him from a negro for $5 and a pocket knife. Pour witnesses who were acquainted with the jack testified that he was not worth more than $15 in the market, and that they were acquainted with the value of such animals. It was not shown that this jack had any intrinsic value not common to other prairie jacks, and it was proved that any number of such jacks could be bought for $5 each. It was proved that jacks are valuable mainly for breeding purposes, and that this particular jack was never known to exhibit any ability, or even desire, to be serviceable in that way. In our opinion. the verdict and judgment are clearly and manifestly *369 excessive, and contrary to the evidence. When a verdict is manifestly excessive, it should not be permitted to stand. [Ante, §§ 151, 189.]
November 6, 1884.
§ 417. Costs on appeal from justice's court; how adjudged. It was error to adjudge the costs of the county court against appellant, the judgment of the justice’s court having been reduced in amount by the appeal. [R. S. art. 1433; W. &„W. Con; Rep. §§ 246, 293.] No cause was stated upon the record 'for thus adjudging the costs. [R. S. art. 1434.]
§ 418. Costs; security for may he demanded in county court on appeal from justice's court. In the county court, appellant moved that appellee be required to give security for costs. This motion was overruled. It is provided by statute that “ the plaintiff in any civil suit, may, at any time before final judgment, upon motion of the defendant, or any officer of the court interested in the costs accruing in such suit, be ruled to give security for the costs,” etc. • [R. S. art. 1436.] This language would seem to embrace all civil suits in the county court, whether they be original suits, or those pending on appeal. In an appeal from justice’s court to the county court, the trial in the latter court being de novo, the suit occupies the same position as if it had been an original suit in said latter court, and the appellee, being the plaintiff therein, was the actor, and subject to be ruled to give security for the costs. It is true that appellant might have invoked the rule for such security in the justice’s court [R. S. art. 1566], but we do not think that, his failure to do so deprived him of the right to insist upon it in the county court. The motion should have • been sustained.
Reversed and remanded.